IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEYANTA LAMONT MOORE, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 7:23-cv-00439 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SGT. C. SQUIRE, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Keyanta Lamont Moore, a Virginia inmate proceeding *pro se*, has filed this civil

rights complaint under 42 U.S.C. § 1983. His complaint names thirteen defendants and asserts

different types of claims against them arising from different events. All of his claims stem from

events that allegedly occurred at Keen Mountain Correctional Center ("KMCC"), where he was

housed at all relevant times. Moore's complaint (which the Court construes as consisting of Dkt.

Nos. 1 and 6) does not identify any specific constitutional amendments or federal laws on which

he is basing his claims. Moreover, although it lists twenty "claims," each claim is more

appropriately viewed as a separate paragraph setting forth separate allegations, rather than a

claim. His complaint also is not entirely clear as to which claims are being brought against

which defendants. (*See generally* Dkt. Nos. 1, 6.)

**I. MOTION TO AMEND**

After the court had reviewed Moore's complaint, but before it had finalized this

memorandum and opinion, Moore filed a motion asking to amend to add two more claims to his

complaint and to correct the spelling of some of defendants' names. The first of the new claims

is actually duplicative of Claim 20, which is already being treated as part of the complaint in this

matter. The second, which Moore labels Claim 21, contains new allegations and is based on an

event that occurred on July 21, 2023.  If Moore wants to bring a new and separate lawsuit based on this event, he may do so.  The court will not permit him to amend to add yet another new (and unrelated) claim in this case or the severed cases.  Thus, his motion to amend will be denied as moot as to Claim 20 and denied as to Claim 21.  With regard to the spelling of defendants' names, the Clerk will be directed to update the names of the defendants, although the court's review reflects only two corrections: Raskie should be spelled Rasnake, and Steel should be spelled Stell.

## II.  SEVERANCE

Based upon a review of the complaint, the court concludes that at least some of Moore's claims and defendants are misjoined.  *See* Fed. R. Civ. P. 18, 20.  A plaintiff may only join different defendants in the same suit if the claims against them arose out of the same transaction or occurrence, or series thereof, *and* contain a question of fact or law common to all the defendants.  Fed. R. Civ. P. 20(a)(2).  Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper.  *Riddick v. Dep't of Corr.*, No. 7:17CV00268, 2017 WL 6599007, at *1 (W.D. Va. Dec. 26, 2017).

Even if there were no misjoinder, however, the court concludes that allowing all of these claims to proceed in a single suit would make that lawsuit unwieldy and inefficient and would effectively allow Moore to challenge different aspects of his incarceration and unrelated actions by various defendants in a single omnibus suit, in violation of the purposes of the Prison Litigation Reform Act ("PLRA").  Moreover, Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. of Conn. V. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties.").  Use of Rule

21 has been approved by circuit courts in the context of initial reviews of prisoner complaints, with and without misjoinder. *See Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018) (explaining that district court should have severed unrelated claims under Rule 21 and *sua sponte* dismissed improper defendants rather than dismissing prisoner's amended complaint); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

Here, the complaint contains different claims and unrelated factual allegations, such that it would not be efficient or otherwise appropriate to allow Moore to prosecute all of his claims in a single case. *See Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007) (noting that, in determining whether severance is proper, courts may consider whether the issues to be severed are significantly different from one another, will require different witnesses or different documentary proof, and the prejudice to any party as to the decision of whether to sever).

Accordingly, the court will exercise its discretion to sever Moore's claims into separate lawsuits, attempting to group together like claims (or claims against the same defendants), in order to promote judicial efficiency and ensure that the claims can be addressed in an orderly fashion. Along with a copy of this memorandum opinion and order, Moore's complaint (Dkt. Nos. 1, 6) shall be filed as the opening document in each of the new lawsuits. Each of those lawsuits will be conditionally filed, and Moore will be required to return a consent-to-fee form in each case, based on the *in forma pauperis* application he has provided in this case. The amount of the required initial partial payment will be the same in each new case as it was for this case: $32.31. In the alternative, Moore may elect not to proceed with any individual case and may move to voluntarily dismiss that case. Additionally, if Moore fails to return the consent-to-fee

form in any particular case, that case will be dismissed without prejudice.

The fact that the court is allowing the filing of his Moore's claims in other lawsuits or referring to them as "claims" is not a finding that he has stated any meritorious claim for relief under 42 U.S.C. § 1983 or any other valid claim. Instead, the claims in each case will be evaluated by the court after Moore returns his consent-to-fee form in each.

## III. ORDER

In accordance with the foregoing, Moore's motion to amend (Dkt. No. 8) is DENIED IN PART and GRANTED IN PART. It is DENIED as moot as to Claim 20 and DENIED WITHOUT PREJUDICE as to Claim 21. It is GRANTED as to the spelling of defendants' names, and the Clerk is DIRECTED to update the spelling of the defendant previously identified as Raskie to Rasnake, and the defendant previously identified as Sgt. Steel to Sgt. Stell.

It is further ORDERED that this case is SEVERED into a total of eight cases (this case and seven new cases). The Clerk is DIRECTED to open seven new cases and to conditionally file a copy of Moore's complaint (Dkt. Nos. 1 and 6) in each new case, with each case involving the topics as listed below. In each new civil action, the Clerk is further DIRECTED to include in the first docket entry, in bold type, the paragraph numbers (referred to by Moore as "claims") that will constitute that particular case.

The Clerk also shall docket Moore's Statement of Assets and Prisoner Trust Account Report (Dkt. No. 3) in each new case. In each of the seven new cases, the court will issue a conditional filing order requiring Moore (if he intends to go forward with the claim(s) in that case) to consent to collection of an initial payment of $32.31 and, over time as funds are available, the remainder of the $350 filing fee for that case. Lastly, the Clerk also shall send Moore a copy of a docket sheet in each case to give him clear notice of the new case numbers

and the content of each case.

The court has identified the defendants to each claim as best it can.  However, as to some of the claims, there is no individual named as being involved and the court has simply directed that the case be brought against "John Doe."  After Moore returns his consent-to-fee form in each case, the court may permit him to file an amended complaint and name other defendants or to substitute defendants for any Doe defendants.

The subject-matter of each case shall be as follows:

1.  This case shall involve the allegations in paragraphs 1–6, 8–12, and 20.  In broad terms, the claims will include the initial incident of excessive force, which occurred on an unspecified date, but apparently before May 30, 2023.  Specifically, Moore alleges that officers used excessive force against him during a strip search and during his transport to segregation immediately thereafter, and that defendants failed to check on him in the three days following.  (Compl. ¶¶ 1–4.)  His allegations of mental and physical injuries from the incident are referenced in paragraph 8.

Defendants to these claims are Squire, Bowman, Boyd, Hess, and Owens.  Because they are brought against some or all of the same defendants or are otherwise closely factually related, this case also will include: (A) his claims that the mistreatment was the result of racial discrimination, which the court construes as an Equal Protection claim (Compl. ¶¶ 9–10, 12); (B) his claim in paragraph 5 that his property was stolen, which he brings against defendant Squire only (Compl. ¶ 5); (C) his allegations that Hess and Owens denied him use of the phone to harass him and discriminate against him based on his race (Compl. ¶ 11); (D) his allegations that Lt. Dye, Sgt. Stell, and the Institutional Ombudsman, Ms. Harr, tampered with his mail in an attempt to

5

"cover up" his beating (Compl. ¶ 6); (E) any claims stemming from a July 13, 2023
incident, in which Sgt. Boyd came to his cell to take him to a disciplinary hearing,
assured Moore that Hess and Owens would not be involved in his transport, and then
took him to an office where Hess and Owens were waiting outside, all of which
Moore alleges was a set-up to beat him up again, although he does not state that he
was in actually assaulted (Compl. ¶ 20, in "Additional Evidence," Dkt. No. 6); and
(F) a threat by Officer Hess to kill Moore (*id.*).  The defendants remaining in this
action will be Squire, Bowman, Boyd, Hess, Owens, Dye, Stell, and Harr.  The Clerk
shall TERMINATE all other defendants from this case.  By separate order, the court
will direct that the Clerk notify these eight defendants of this lawsuit, pursuant to
Federal Rule of Civil Procedure 4 and the Agreement on Acceptance of Service.

2.  New Lawsuit One shall involve the allegations in paragraph 7 against the Warden,
    which allege that the Warden failed to take steps after Moore reported that he was
    being denied eating utensils and a toothbrush.  The sole defendant shall be the
    Warden at KMCC.

3.  New Lawsuit Two shall involve the allegations in paragraphs 13 and 14, in which
    Moore alleges that he is not getting adequate treatment from the mental health
    department and that he is not being adequately monitored, especially since he ended a
    hunger strike.  Again, he attributes this to racial discrimination.  He does not name
    any specific defendants who have denied him adequate treatment,  however.  At this
    time, then, the sole defendant shall be John Doe.[1]

4.  New Lawsuit Three shall involve the allegations in paragraph 15, which reference an

---

[1]  As noted above, if Moore decides to pursue this particular case, he may be given an opportunity to
identify John Doe or to otherwise name the individuals involved.

incident of "sexual harassment on May 27, 2023 by Sgt. Bowman," who is female, although it appears this may be the same incident in which Bowman was simply present while Moore was being strip-searched, which is remaining part of the case at bar.  Moore then describes that, after he complained of the sexual harassment, Investigators Fleming and Rasnake, the latter of whom is female, made him urinate in a cup, made unprofessional comments to him, and required him to pull his pants down and show his thigh.  The defendants shall be Investigators Fleming and Rasnake.

5. New Lawsuit Four shall involve the allegations in paragraph 16, which complain that staff delayed in providing his mail, although he does not name any particular correctional officer who did so.  At this time, then, the sole defendant shall be John Doe.[2]

6. New Lawsuit Five shall involve the allegations in paragraph 17, which are that Sgt. Fleming failed to timely submit Moore's emergency grievance about staff failing to protect him from serious personal injury or irreparable harm.  According to Moore, and an unidentified lieutenant spoke to him about it, but simply told him someone would speak with him in two days about his Complaint.  The defendants to this case will be Sgt. Fleming and Lt. John Doe.

7. New Lawsuit Six shall involve the allegations in paragraph 18.  This paragraph asserts a retaliation claim against Lt. Harrison, who Moore says wrote him a disciplinary charge because Moore had complained about being sexually harassed. The sole defendant shall be Lt. Harrison.

---

[2]  *See supra* note 1.

8. New Lawsuit Seven shall involve the allegations in paragraph 19, which are that two disciplinary charges brought against Moore were "forged" by unknown staff members, which he describes as a "federal offense."  He does not identify who was involved in the alleged forgery were.  At this time, then, the sole defendant shall be John Doe.[3]

If Moore does not want to pursue one or more of the above claims, he may file a motion voluntarily dismissing that particular lawsuit.  Moore should carefully consider which cases and claims to pursue.  If he elects to proceed with a case, and the claims in it are later dismissed as frivolous or for failure to state a claim, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. § 1915(g).  *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020)  (holding that a dismissal of a suit for failure to state a claim, whether with or without prejudice, counts as a strike under the PLRA).

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Moore.

Entered: August 9, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[3] *See supra* note 1.

8