CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 07, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEYANTA LAMONT MOORE, ) | |
| Plaintiff, ) | Civil Action No. 7:23-cv-00439 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| SGT. N. BOWMAN, *et al.*, ) | Chief United States District Judge |
| Defendants. ) | |

**MEMORANDUM OPINION**

Keyanta Lamont Moore, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, which was severed into several actions. (Dkt. Nos. 1, 9.) Moore later filed an amended complaint naming nine defendants. (Am. Compl., Dkt. No. 22.) Those nine defendants have filed a partial motion to dismiss. (Dkt. No. 42.) Moore responded. (Dkt. Nos. 50, 50-1.) Defendants' motion will be granted.

I.  BACKGROUND

Plaintiff's allegations in this matter describe events that occurred when he was at Keen Mountain Correctional Center (KMCC). When the cases were severed, this action involved the allegations in paragraphs 1–6, 8–12, and 20 of the original complaint, which include an "initial incident of excessive force, which occurred on an unspecified date, but apparently before May 20, 2023." (Dkt. No. 9 at 5.) Moore alleged that officers used excessive force against him during a strip search and during his transport to segregation immediately thereafter, and that defendants failed to check on him in the three days following. (*Id.*)

On October 24, 2023, the court issued an order denying five motions to amend that had been filed by plaintiff and granting leave to file an amended complaint as a single document. (Dkt. No. 21.) Moore filed an amended complaint in compliance with the court's order, naming

nine defendants: correctional officers Hess, Owens, and R. Boyd, Sgts. Boyd, N. Bowman, Stell, and Squier, Lt. Dye, and Ms. Harr, a KMCC staff member. Moore appears to allege eight total claims.[1]

In claim one, Moore alleges that Sgt. Bowman sexually harassed him in violation of the Eighth Amendment when she was present for a strip search. (Am. Compl. ¶ 1.)

In claim two, he alleges that correctional officer Boyd and Sgt. Squier used excessive force in violation of the Eighth Amendment when they tackled him after he put a piece of paper in his mouth. (Am. Compl. ¶ 1.)

In claim three, Moore alleges that correctional officers Hess and Owens used excessive force in violation of the Eighth Amendment when they were escorting him from his cell to the shower. (Am. Compl. ¶ 2.)

Claim four alleges that two unspecified officers were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (Am. Compl. ¶¶ 3–4.)

Claim five alleges that Sgt. Squier allowed Moore's old cellmate to steal Moore's personal property. (*Id.* ¶ 5.)

Moore's sixth claim alleges that Sgt. Stell and an unknown person violated his rights by not turning in his grievances. (*Id.* ¶ 6.)

In the seventh claim, Moore alleges that unknown persons have called him the "N word or the C.O. have made racial remark" against him in violation of the Eighth and Fourteenth Amendments. (*Id.* ¶ 10.)

---

[1] Some additional claims are listed but they are duplicative to claims that the court has severed into other lawsuits. (*See* Am. Compl. ¶¶ 15, 18, 19; *see also* Dkt. No. 9 (explaining severance of claims).) These claims will also be dismissed without prejudice.

And in the eighth claim, plaintiff alleges that Sgt. Boyd violated his Eighth Amendment rights when Boyd failed to protect plaintiff from a potential attack from correctional officers. (*Id.* ¶ 20.)

Defendants move to dismiss claims four through eight. Plaintiff's response does not address several of the arguments raised by defendants in their motion. (Dkt. Nos. 50, 50-1.)

## II. ANALYSIS

### A. Motion to Dismiss

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Kashdan v. George Mason Univ.* 70 F.4th 694, 700 (4th Cir. 2023). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold

3

of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

B. **Section 1983**

Section 1983 imposes liability on any person who, under color of state law, deprives another person of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, because liability is "determined person by person," a plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023).

C. **Claim Four**

Moore alleges that the "same 2 officers" that "brutally" beat him acted with deliberate indifference to his medical condition after placing him in a segregation cell. The officers were supposed to check on him every 15 minutes but failed to do so. One officer, referred to as a female, spoke with plaintiff, but all she did was check his blood pressure. (Am. Compl. ¶¶ 4.)

It is not clear to which officer or officers plaintiff is referring in this claim when he refers to the "same 2 officers" that beat him because in claim two, Moore claims that Boyd and Squier used excessive force against him, and in claim three, Moore claims that Hess and Owens used excessive force. Additionally, Moore does not identify by name the female officer who is

alleged to have provided inadequate medical care when checking on him. Moore's response to the motion to dismiss (Dkt. No. 50-1) does not address his failure to specifically identify which officer acted with deliberate indifference toward him. Because liability under § 1983 requires personal involvement, and Moore has not made personal allegations against unknown defendants, this claim is subject to dismissal. *See, e.g.*, *Smith v. Logan*, C/A No. 6:22-cv-02667-HMH-KFM, 2022 WL 14763226 (D.S.C. Sept. 30, 2022) (recommending dismissal of claims against unnamed defendants because of personal involvement requirement).

Therefore, this claim will be dismissed.

### D. Claim Five

Claim five involves Moore's allegation that Sgt. Squier allowed plaintiff's property to be stolen. This is not sufficient to state a federal due process claim because the Virginia Tort Claims Act provides an adequate postdeprivation remedy. "State employees' unauthorized actions, whether intentional or negligent, that deprive a prisoner of property do not violate the procedural requirements of the Due Process Clause when the state has made a meaningful postdeprivation remedy available to him." *Kessing v. W. Va. Reg'l Jail*, Case No. 7:19CV00546, 2019 WL 5166211, at *1 (W.D. Va. Oct. 15, 2019) (citing *Hudson v. Palmer*, 468 U.S. 517, 531–33 (1984)) (finding that because plaintiff "possessed tort remedies under Virginia state law to seek reimbursement, namely the Virginia Tort Claims Act, . . . he cannot prevail in a constitutional claim for the alleged loss of his radio or other property items"). Plaintiff's response does not address claim five or the argument raised by defendants to support dismissing this claim. (Dkt. No. 50-1.)

Thus, this claim will be dismissed.

### E. Claim Six

Plaintiff alleges in claim six that Sgt. Stell and an unknown officer are not mailing his grievances. "I am trying to follow the grievance process, but staff here are preventing me from doing so." (Am. Compl. ¶ 6.) In his response to the motion to dismiss, Moore states that he "would turn in multiple written complaints and grievances as to find a remedy to the wrongs that were committed towards him. They would take his grievances, state that they were turning them in, but really wouldn't." (Dkt. No. 50-1 at 3.) However, inmates do not have a constitutional right to the prison grievance process. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). Moore has no constitutional claim based on allegations that officers interfered with his grievance activities. *See Allee v. Streeval*, Case No. 7:21CV00084, 2023 WL 2644281, at *4 (W.D. Va. Mar. 27, 2023) (explaining that even if plaintiff could prove his allegation that officers "trashed documents that he intended as support for his grievance about COVID conditions . . . he would have no viable constitutional claims") (citing *Booker*, 855 F.3d at 541).

Thus, the court will dismiss this claim.

### F. Claim Seven

In claim seven, plaintiff alleges that the situation was "racially motivated," asserting that he was called the "N word" or other racial remarks by an unspecified correctional officer. This allegation is once again insufficient to state a claim because it does not allege the personal involvement of a specific defendant or defendants. *See, e.g.*, *Al-Mujahidin v. Stephan*, CA No. 9:20-cv-01001-BHH-MHC, 2021 WL 2482417, at *4 (D.S.C. May 20, 2021) (dismissing claim against unnamed person because "there is no allegation or evidence of personal involvement"). Moreover, verbal threats or harassment, even including the use of racial epithets, is not sufficient

6

to state an Eighth Amendment claim. *See Johnson v. McCoy*, Civil Action No. 7:19-cv-00005, 2021 WL 1113377, at *10 (W.D. Va. Mar. 23, 2021) (citing *Henslee v. Lewis*, 153 F. App'x 179, 179 (4th Cir. 2005)). Plaintiff's response does not address any of the arguments raised by defendants in support of dismissing this claim. (Dkt. No. 50-1.)

Thus, this claim will be dismissed.

**H. Claim Eight**

Moore, in claim eight, alleges that Sgt. Boyd failed to protect him from a potential attack. (Am. Compl. ¶ 20.) Moore maintains that Sgt. Boyd "did in fact fail to protect him by attempting to place him in the direct custody of two correctional officers that brutally beat him by throwing his face into a wall, which in fact caused him to lose several teeth." (Dkt. No. 50-1 at 3.)

A prisoner's Eighth Amendment rights may be violated where a prison official fails to protect an inmate from harm caused by other prisoners or another prison official. To show deliberate indifference, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. *Danser v. Stansberry*, 772 F.3d 340, 347 (4th Cir. 2014). Moore's allegations are that Sgt. Boyd should have prevented this potential attack because he was forced to be with the same officers who assaulted him previously. However, Moore does not allege that another attack occurred, much less that one occurred due to deliberately indifferent actions by Sgt. Boyd. Moore only alleges that he was afraid that another attack was going to occur. In the absence of any allegation that Sgt. Boyd's actions or inactions caused a violation of plaintiff's Eighth Amendment rights, Moore cannot state a claim for relief. Moore's response (Dkt. No. 50-1) does not address the argument that he was not harmed after being placed in the custody of officers who previously harmed him.

7

Moreover, Moore alleges that he told Sgt. Boyd that he feared for his safety, and Boyd confirmed that it was "my job to protect you. And I am not gonna let anybody harm you and I am going to take you myself with a different officer." (Am. Compl. ¶ 20.) Thus, Moore cannot demonstrate that Sgt. Boyd disregarded a substantial risk of harm to him. "A prison official violates the Eighth Amendment with deliberate indifference when he is subjectively aware of a substantial risk of harm and disregards the risk. A prison official who acts reasonably, however, cannot be found liable." *Carter v. Tatum*, Civil Action No. 3:23-cv-239 (RCY), 2023 WL 6797494, at *4 (E.D. Va. Oct. 13, 2023) (citing *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)).

For these reasons, this claim will be dismissed.

**I. Claims Against Ms. Harr**

Finally, Moore has not articulated any claims against one of the defendants, Ms. Harr. His response does not address this failure to allege any facts pertaining to Ms. Harr. (Dkt. No. 50-1.) Thus, defendant Harr will be dismissed from this lawsuit.

III. CONCLUSION

The court will grant the motion to dismiss in an appropriate order.

Entered: March 7, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge