CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 23, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEYANTA LAMONT MOORE, | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-00439 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SGT. N. BOWMAN, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

Keyanta Lamont Moore, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, which was severed into several actions. (Dkt. Nos. 1, 9.) Moore later filed an amended complaint naming nine defendants. (Am. Compl., Dkt. No. 22.) Those nine defendants filed a partial motion to dismiss. (Dkt. No. 42.) The court issued an order dismissing five of the eight claims in the amended complaint and dismissing all claims against one of the defendants. (Dkt. No. 53.)

Now before the court is a motion for summary judgment by the remaining defendants. (Dkt. No. 58.) Defendants argue, in part, that Moore did not exhaust his administrative remedies. Moore did not respond to this motion. The court will grant the summary judgment motion because of Moore's failure to exhaust.

## I. BACKGROUND

### A. Plaintiff's Allegations and Procedural Background

Plaintiff's allegations in this matter describe events that occurred when he was at Keen Mountain Correctional Center (KMCC). When the cases were severed, this action involved the allegations in paragraphs 1–6, 8–12, and 20 of the original complaint, which include an "initial incident of excessive force, which occurred on an unspecified date, but apparently before May

20, 2023." (Dkt. No. 9 at 5.)  Moore alleged that officers used excessive force against him during a strip search and during his transport to segregation immediately thereafter, and that defendants failed to check on him in the three days following.  (*Id.*)

On October 24, 2023, the court issued an order denying five motions to amend that had been filed by plaintiff and granting leave to file an amended complaint as a single document. (Dkt. No. 21.)  Moore filed an amended complaint in compliance with the court's order, naming nine defendants: correctional officers Hess, Owens, and R. Boyd, Sgts. Boyd, N. Bowman, Stell, and Squier, Lt. Dye, and Ms. Harr, a KMCC staff member.  The amended complaint alleged eight total claims.  The court has dismissed claims four through eight, leaving the first three claims.[1]

In claim one, Moore alleges that Sgt. Bowman sexually harassed him in violation of the Eighth Amendment[2] when she was present for a strip search.  (Am. Compl. ¶ 1.)

In claim two, he alleges that correctional officer Boyd and Sgt. Squier used excessive force in violation of the Eighth Amendment when they tackled him after he put a piece of paper in his mouth.  (Am. Compl. ¶ 1.)

In claim three, Moore alleges that correctional officers Hess and Owens used excessive force in violation of the Eighth Amendment when they were escorting him from his cell to the shower.  (Am. Compl. ¶ 2.)

---

[1] Pursuant to this order, no claims remain pending against defendants Lt. Dye, Sgt. Stell, and Sgt. Boyd. (Dkt. Nos. 52, 53.)

[2] Defendants originally construed this claim as an Eighth Amendment claim but now indicate that Fourth Circuit caselaw appears to construe this as a Fourth Amendment claim.  It is not necessary for the court to resolve this distinction for purposes of deciding defendants' motion for summary judgment

**B.  Facts in Support of Defendants' Motion for Summary Judgment**

In support of their motion for summary judgment, defendants have submitted the affidavits of KMCC Grievance Coordinator H. Hardin (Hardin Aff.), Sgt. Bowman (Bowman Aff.), and KMCC Institutional Operations Manager J. Harrison (Harrison Aff.).  (Dkt. Nos. 59-1, 59-2, 59-3.)  Defendants also provided Sgt. Bowman's body camera footage and surveillance footage of the housing pod.  (Dkt. No. 63.)

**1.  VDOC Grievance Procedure**

Pursuant to Operating Procedure 866.1, Offender Grievance Procedure, grievances are to be submitted within 30 calendar days from the date of the incident.  Before filing a regular grievance, the inmate must demonstrate he made a good faith effort to resolve his complaint. This can be done by submitting a written grievance form to the appropriate department head. Prison staff should respond to a written complaint within 15 calendar days.  A response should be given within 15 calendar days to ensure that it is provided prior to the expiration of the 30-day time period.  (Hardin Aff. ¶¶ 5–12, Encl. A.)  All Virginia Department of Corrections inmates are oriented to the Offender Grievance Procedure when they are received into VDOC. (Hardin Aff. ¶ 13.)

**2.  Moore's grievance activities**

On June 7, 2023, Moore submitted a Written Complaint, Log No. KMCC-23-INF-01014, pertaining to his allegation that he was strip searched in front of a female officer who assisted with the search on or around May 27, 2023.  The complaint stated—

> C.O. were conducting a strip search on me and I disobey an order because a female officer help conduct a strip search on me so I refused.  When I disobey the order, I was attacked by officer because I refuse to hand over a piece of paper I had in my hand and at this point, one of the officers called 1033 and from that point on, I was being bit by the dog, mased and when the situation was over, I was

3

> handed off to C.O. Hess and Owens for them to take me into C Building. I was called the 'N' word by C.O. Hess. This type of force was unnecessary because of the negligence of them officer. View body cam footage.

(Hardin Aff. ¶ 17, Encl. B, C.)

Moore filed a Regular Grievance on June 22, 2023, Log No. KMCC-23-REG-00099, relevant to Written Complaint Log No. KMCC-23-INF-01014. The grievance was denied initially at intake for an expired filing period. The intake decision was overturned, and the grievance was returned to the Facility Unit Head for a response. (Hardin Aff. ¶ 18.) The regular grievance received a Level I response on August 17. The response stated that "After thoroughly reviewing the information presented by staff in response to your grievance and the governing operating procedure, I find your grievance to be unfounded." (*Id.* ¶ 19, Encl. D, E.) Under VDOC OP 866.1, if an inmate is dissatisfied with the Level I response, he can appeal it to the Regional Ombudsman within 5 days. Moore did not appeal the Level I response. (Hardin Aff. ¶¶ 20–21, Encl. A, B.)

On June 12, 2023, Moore filed Written Complaint Log No. KMCC-23-INF-01028 regarding the female officer being present for a strip search. Hardin responded that it was repetitive to the grievance filed in KMCC-23-INF-01014. Moore did not pursue a regular grievance on this complaint. (Hardin Aff. ¶ 22, Encl. A, F.)

Also on June 12, 2023, Moore filed Written Complaint Log No. KMCC-23-INF-01027 about Moore turning in complaint forms for Correctional Officers Owens and Hess beating him on the way to RHU. Hardin responded that it was repetitive to KMCC-23-INF-01014. Moore did not file a regular grievance on this complaint. (Hardin Aff. ¶ 23, Encl. A, G.)

Moore did not submit any regular grievance to the highest eligible level prior to filing this lawsuit. (Hardin Aff. ¶ 24, Encl. A, B.)

## II.  ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In evaluating a summary judgment motion, a court "must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant."  *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999).  The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in the pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate the existence of specific, material facts that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Id.* at 248.

### B.  Exhaustion

The Prison Litigation Reform Act (PLRA) provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A defendant has the burden of establishing that a plaintiff failed to exhaust his administrative remedies.  *Moore v.*

*Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).  The PLRA's exhaustion requirement is mandatory

and "applies to all inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong."  *Porter v.*

*Nussle*, 534 U.S. 516, 524 (2002).  Exhaustion is defined by each prison's grievance procedure,

not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his

administrative remedies.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  "Proper exhaustion demands

compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*,

548 U.S. 81, 90 (2006).

The record in this case shows that while Moore filed a regular grievance about his

allegations, it was never appealed through all eligible levels of review pursuant to VDOC 866.1.

Accordingly, Moore did not exhaust his administrative remedies.  As the defendants have made a

threshold showing of failure to exhaust, the burden of showing that administrative remedies were

unavailable falls to the plaintiff.  *Draper v. Ohai*, Civil Action No. 7:23-cv-00248, 2025 WL

270051, at *5 (W.D. Va. Jan. 22, 2025) (citing *Graham v. Gentry*, 413 F. App'x 660, 663 (4th

Cir. 2011)).  Moore has not met this burden as he has failed to respond to defendants' motion for

summary judgment or made any effort to rebut the evidence provided by defendants' pertaining

to Moore's failure to exhaust.  In his verified amended complaint, Moore wrote that he filed a

grievance regarding the facts of the complaint, but he received "no response."  (Am. Compl. at

15.)  This conclusory assertion is insufficient to create an issue of fact as it is contradicted by the

clear record provided by the defendants.  *See, e.g.*, *Ali v. Streeval*, Civil Case No. 23-cv-00468,

2024 WL 1940189, at *6 n.3 (W.D. Va. May 1, 2024) (finding that a conclusory general

assertion under oath or penalty of perjury is insufficient to create an issue of fact to evade

summary judgment) (collecting cases).

6

For the reasons stated herein, the court will grant summary judgment to defendants because Moore failed to exhaust his administrative remedies.

III.  CONCLUSION

The court will grant the motion for summary judgment in an appropriate order.

Entered: March 23, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge